ROBERT N. H. CHRISTMAS (admitted pro hac vice)
rchristmas@nixonpeabody.com
KATE HARDY (admitted pro hac vice)
khardy@nixonpeabody.com
NIXON PEABODY LLP
437 Madison Avenue, 18th Floor
New York, New York 10022
Telephone: (212) 940-3000
Facsimile:  (212) 940-3111

LOUIS J. CISZ, III (State Bar No. 142060)
lcisz@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Facsimile:  (415) 984-8300

Attorneys for JOHN SHEAHAN AND IAN RUSSELL LOCK,
as Joint and Several Liquidators of the Debtors in Foreign Proceedings

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

EX CED FOODS
(F/K/A CEDENCO FOODS)
(COMPANY NO. 499671) (In Liquidation),

Debtor in a Foreign Proceeding.

Case No. 11-30703 DM

Chapter 15

## ATTACHMENTS TO PETITION

1.    A copy of the above-captioned debtor's (the "Debtor") Certificate of Registration from the New Zealand Companies Office (the "Companies Office") is attached hereto as Exhibit A.

2.    A copy of the special resolution of the Debtors appointing Ian Russell Lock and John Sheahan as Joint and Several Liquidators (the "Liquidators") for the Debtor, dated May 7, 2010, is attached hereto as Exhibit B.

3.    A printout from the Companies Office confirming the appointment of the Liquidators is attached hereto as Exhibit C.

1

13354221.1

4.        A copy of the *Liquidators' Report to Creditors and Shareholders* dated November 26 2010, issued to creditors and claimants known to the Liquidators, and provided to the Registrar for the Companies Office, is attached hereto as <u>Exhibit D</u>.

-2-

13354221.1

# EXHIBIT A



## COMPANIES OFFICE
**NEW ZEALAND**

# Certificate of Incorporation

## EX CED FOODS

## 499671

This is to certify that TOMCO LIMITED was incorporated under the Companies Act 1955 as a Private Company (Shares) on the 12th day of March 1991
and changed its name to CEDENCO FOODS LIMITED on the 13th day of May 1991
and was reregistered as a Unlisted on the 23rd day of September 1993
and was reregistered to become a company under the Companies Act 1993 on the 14th day of April 1997
and changed its name to CEDENCO FOODS on the 5th day of January 2004
and was reregistered as a Unlisted on the 5th day of January 2004
and changed its name to EX CED FOODS on the 25th day of August 2010.

*This is a true copy of the original document*

*[signature]*
**Gregory Kenneth William Jones**
A Commissioner for taking Affidavits
in the Supreme Court of South Australia
26/11/2010

*[signature]*

Registrar of Companies
26th day of November 2010

The validation code for this Certificate of Incorporation is: INC19074863
For further details relating to this company check www.companies.govt.nz
Certificate generated 26 November 2010 03:31 PM NZDT

Case: 11-30703    Doc# 3    Filed: 02/25/11    Entered: 02/25/11 07:47:27    Page 4 of 26

# EXHIBIT B

**CEDENCO FOODS (IN RECEIVERSHIP)**

This is a special resolution of CEDENCO FOODS (IN RECEIVERSHIP) (company no. 499671) (the "Company") passed by not less than 75 percent of the shareholders who would be entitled to vote on the resolution at a meeting of shareholders who together hold not less than 75 percent of the votes entitled to be case on that resolution.

**Resolved:**

1.  That the Company be put into liquidation.

2.  That JOHN SHEAHAN and IAN RUSSELL LOCK of the firm Sheahan Lock Partners, both Chartered Accountants and insolvency practitioners of Adelaide, Australia, be appointed as joint and several liquidators (the "Liquidators") of the Company on the day 7 th ~~April~~ May 2010.

3.  That the Liquidators may exercise their powers individually.

4.  That the Liquidators shall be entitled to charge remuneration for carrying out their duties and exercising their powers as liquidators on the same charge out rates normally applied by professional firms of accountants for partners and staff engaged in receivership and liquidation work. The expenses and remuneration of the Liquidators shall be payable out of the assets of the Company.

Executed this 7 th day of ~~April~~ May 2010.

Signed by:

..............................................

Cam Scott Collins, director of
SK FOODS INTERNATIONAL (company no. 1125240), the shareholder

M:\Mailer\99121\Docs\Cedenco Foods Resolution.doc

*This is a true copy of the original document*

Gregory Kenneth William Jones
A Commissioner for taking Affidavits
in the Supreme Court of South Australia
26/11/2010

# EXHIBIT C



← → C ⟳ www.business.govt.nz/companies/app/ui/pages/companies/499671 ☆ ⚙

COMPANIES OFFICE
NEW ZEALAND

Search the register    Search this website
🔍 Company name or number    Options ▼    SEARCH ▶

🏠    LEARN ABOUT    HELP & SUPPORT    NEWS & UPDATES    ONLINE SERVICES - DO IT NOW

Welcome **Guest**

MY TOOLS ▼

## EX CED FOODS

*Last updated on 19 Oct 2010*

To maintain this company *log on here*

View previous names

Names changes prior to 1992 may not be recorded.

🖶 Certificate of incorporation    All Company Details    🖶 Print    💾 Save    ✉ Email

**Company Summary**    Addresses    Directors (2)    Shareholdings (1)    Documents (102)    PPSR Search

This Company currently has Liquidators, Receivers or Voluntary Administrators appointed

| | |
|---|---|
| Company number: | 499671 |
| Incorporation Date: | 12 Mar 1991 |
| Company Status: | In Receivership and in Liquidation |
| | ▸ View Previous Status |
| | ▸ Receivership Details |
| | ▾ Liquidation from 05 May 2010 |
| Status: | Active |
| Liquidator: | LOCK, Ian Russell |
| Organisation: | SHEAHAN LOCK PARTNERS |
| Phone: | ~61 8 81100803 |
| Email: | |
| Address: | Level 2, 234 George Street, Sydney, Nsw, 2000, AU |
| Appointed: | 05 May 2010 |
| Liquidator: | SHEAHAN, John |
| Organisation: | SHEAHAN LOCK PARTNERS |
| Phone: | ~61 8 81100804 |
| Email: | |
| Address: | Level 2, 234 George Street, Sydney, Nsw, 2000, AU |
| Appointed: | 05 May 2010 |
| Reports | Liquidator Six Monthly Report due 03 Dec 2010 |
| Entity type: | NZ Unlimited Company |
| Constitution filed: | Yes |
| AR filing month: | October , last filed on 11 Oct 2009 |
| FRA Reporting Month | October |

Company Addresses

**Registered Office**
C - kordamentha, Level 16, 45 Queen Street,
Auckland , New Zealand
**Address for service**
C - kordamentha, Level 16, 45 Queen Street,
Auckland , New Zealand
View all addresses

Directors    Showing 2 of 2 directors

Neal Lionel ALEXANDER
Unit 9, 35 Drumalbyn Road, Belleview Hill
2023, Sydney, Australia .
Cary Scott COLLINS
3450 21st Str, San Francisco, California, 94110,
United States Of America .

*Generated on Tuesday, 30 November 2010 14:15:11 NZDT*

Ministry of Economic Development    BUSINESS.GOVT.NZ    newzealand.govt.nz

Home
About Us
Accessibility
Site Map

Contact Us
About This Site
Privacy Statement
New Zealand
Legislation



# EXHIBIT D

An insolvency practice specialising in
effecting recoveries for creditors from
insolvencies by identification and
management of legal claims.

Level 2, 234 George Street
SYDNEY NSW 2000
Telephone:  +612 9241 4488
Facsimile:  +612 9252 0854

GPO Box 1173
ADELAIDE SA 5001

www.slp.net.au

Level 8, 26 Flinders Street
ADELAIDE SA 5000
Telephone:  +618 8231 0077
Facsimile:  +618 8231 0370

PARTNERS
John Sheahan FCA
Ian Lock BEng(Hons), FCA(ICAEW)



# SHEAHAN LOCK PARTNERS

| | |
|---|---|
| Our ref: | CEDE04/GJ1811 |
| Partner: | Ian Lock |
| Contact: | Greg Jones |
| Direct email: | gjones@slp.net.au |

*This 17 page report is a true copy of the original document*

26 November 2010

*Gregory Kenneth William Jones*
**Gregory Kenneth William Jones**
A Commissioner for taking Affidavits
in the Supreme Court of South Australia
26/11/2010

## LIQUIDATORS'
## REPORT TO CREDITORS and SHAREHOLDERS
### Section 255 of the *Companies Act 1993*

### EX CED FOODS (COMPANY NUMBER 499671)
### (formerly CEDENCO FOODS) ("CEDENCO FOODS")
### CEDENCO OHAKUNE (COMPANY NUMBER 665068) ("CEDENCO OHAKUNE")
### (BOTH IN RECEIVERSHIP AND IN LIQUIDATION)

On 6 May 2010, John Sheahan and I were appointed as joint and several liquidators of the companies, by special resolution of the companies' shareholders, pursuant to section 241 of the *Companies Act 1993* ("the Act"). Our role as liquidators is to take control of any residual assets remaining after the receivers retire and to deal with the claims of unsecured creditors in accordance with the provisions of the Act.

We refer to our last report to creditors and shareholders dated 29 July 2010 and now provide, pursuant to section 255(d) of the Act, the liquidators' third report to creditors and shareholders. A copy of this report will also be provided to the Registrar of the New Zealand Companies Office in accordance with the provisions of the Act. We have included sections from our report dated 29 July 2010 in this report where we consider that this would aid understanding.

On 25 August 2010 Cedenco Foods' receivers changed the company's name to Ex Ced Foods.

We take no responsibility for any misinformation contained in this report where such information has been supplied by the companies, their officers or other persons.

All references in this report to dollars ($) are references to New Zealand dollars (NZ$) unless otherwise stated.

## COMPANY INFORMATION

**Cedenco Foods**

| | |
|---|---|
| Date of incorporation: | 12 March 1991 |
| Trading address: | C/-KordaMentha, Level 16, 45 Queen Street, Auckland |
| Type of business: | Agricultural production |
| Date trading ceased: | N/A |
| Directors: | Neal Lionel Alexander<br>Cary Scott Collins |
| Shareholder: | SK Foods International, Company Number 1125240 |

**Cedenco Ohakune**

| | |
|---|---|
| Date of incorporation: | 8 December 1995 |
| Trading address: | C/-KordaMentha, Level 16, 45 Queen Street, Auckland |
| Type of business: | Agricultural production |
| Date trading ceased: | 2009 |
| Director: | Cary Scott Collins |
| Shareholder: | SK Foods International, Company Number 1125240 |

## BACKGROUND

As creditors are aware, on 9 November 2009, the ANZ National Bank Ltd ("ANZ National") appointed Michael Stiassny and Brendon Gibson as joint and several receivers and managers ("the receivers") of Cedenco Foods and Cedenco Ohakune, pursuant to a Debenture dated 24 February 2000 and a General Security Agreement dated 1 November 2005 respectively. The receivers have retained control of the assets of both companies since that date. The business and operations of Cedenco Foods was sold to Imanaka Ltd, a Japanese company and Cedenco Foods' principal customer, on or about 20 August 2010. The terms of that sale remain confidential.

The receivers have indicated that, at the date of their appointment, the companies' indebtedness to ANZ National was about $26.5 million, and that a further A$25 million (approximately) was owed by the Australian-based Cedenco companies to Australia and New Zealand Banking Group Ltd ("ANZ"), a distinct (but related) company to ANZ National. The debts to each bank are guaranteed and cross guaranteed by each of Cedenco Foods and Cedenco Ohakune and the related Australian companies, Cedenco JV Australia Pty Ltd (Receivers and Managers Appointed and In Liquidation) ("Cedenco JV Australia"), SK Foods Australia Pty Ltd (Receivers and Managers Appointed and In Liquidation) ("SK Foods Australia") and SS Farms Australia Pty (Receivers and Managers Appointed and In Liquidation) ("SS Farms Australia").

## CONDUCT OF THE LIQUDATION

### Books and Records

Since our last report to creditors and shareholders we have been given full access to all of the books and records of Cedenco Ohakune and Cedenco Foods, as promised by the receivers. We have reviewed the following records as part of our investigations into the companies' operations and affairs:

*Electronic Records*

We have received copies of the data contained on the companies' server from Fujitsu New Zealand. We are continuing to review the company's records and will review additional records as they become available.

*Physical Records*

Physical records held at Gisborne have been transported to the Auckland offices of Recall, a document storage and management company, where they have been fully catalogued, repacked and stored. These records are currently being reviewed. Records received from the receivers have been fully catalogued and are being reviewed.

*Books and records held by the companies' solicitors*

We have written to the solicitors who previously acted for the companies and/or the receivers (who, as reported previously, remained as agents of each company subsequent to our appointment) requesting copies of all books and records of the companies in their possession.

In September 2010 we received from Mayne Wetherell, a legal firm which acted for the companies, a number of CD's containing certain records in respect of the companies' affairs.

Other than the above records we have encountered limited success in obtaining records from solicitors, who have claimed that issues of "legal professional privilege" prevent the release of records. To the extent that these records relate to work performed for the companies or for the receivers whilst they were agents of the companies, any privilege belongs to the companies and, as liquidators of the companies, we are entitled to waive any privilege that attaches. Our solicitors have been instructed to seek copies of these records.

*Records held by directors*

In October 2010 we met with Cary Collins, a US-based director of both companies, reviewed all records in his possession and obtained copies of those records, which are being subjected to further review, indexed and filed.

*Review of ANZ National records*

We have met with representatives of both the ANZ and ANZ National, in both Melbourne and Auckland, and have been granted access to a limited number of their records in respect of the Cedenco group of companies.

We are taking advice concerning our rights to obtain further information and will inform creditors of related progress in due course.

We have also written to the lawyers who previously acted for the ANZ and ANZ National and the receivers acting for them, requesting access to relevant books and records in their possession but have not received any such records to date.

## Cedenco Ohakune

As noted in our last report, Cedenco Ohakune ceased to trade prior to the appointment of receivers to the company with the majority of its assets sold at auction by the receivers and applied towards certain outstanding liabilities.

## Cedenco Foods

On 29 June 2010 the receivers announced the sale of Cedenco Foods' business to Imanaka Ltd ("Imanaka"), a Japanese company.

As is usual with sales of this nature, the final sales price is subject to a working capital adjustment reflecting differences between book value and actual value of debtors, stock and other working capital which was included in the original sale price.

The receivers have advised that their claim in respect of the net working capital adjustment has been disputed by the purchaser. The sale contract provides a mechanism for resolving such disputes and we anticipate that the receivers will be able to provide us with a final account in early 2011.

## Estimated Return to Unsecured Creditors

As noted above the sale price of Cedenco Foods remains confidential but we understand that the price achieved will be sufficient to clear the debt owed to the ANZ National, leaving a small surplus. We anticipate that creditors will be paid in full, or nearly in full, in the first quarter of 2011.

We set out below a table illustrating the estimated dividend to creditors of Cedenco Foods:

| Amount Available For Distribution to Creditors | $'000 |
|---|---|
| | |
| Surplus from receivers | 1,000 |
| Dividend from Cedenco JV Australia and SK Foods Australia | 11,000 |
| | 12,000 |
| Professional Fees | (300) |
| **Available for Distribution to Creditors** | **11,700** |
| | |
| Creditor Claims | |
| | |
| Employees and Trade Creditors | 3,100 |
| Cedenco Australia | 9,200 |
| **Total Creditor Claims** | **12,300** |

Estimated Dividend 95c/$

The estimated dividend to employees and trade creditors will decrease in the event that additional valid claims are filed, which we consider to be unlikely, or if the surplus received from the receivers is less than that set out above. The quantum of the estimated dividend is also dependent on the final figures for the various intercompany debts. Conversely, if the surplus from the receivers is more than the $1m estimated, the may increase to 100 cents in the dollar.

As noted below, the position in relation to Cedenco Ohakune is less clear. Any dividend to unsecured creditors is likely to be dependent on what surplus funds, if any, are ultimately remitted by the receivers. We currently estimate that the quantum of unsecured creditors' claims in Cedenco Ohakune is approximately $10,000.

*Unsecured Creditors and Employees*

To date we have received claims from a total of 189 trade creditors and employees, claiming a total of $3.1 million. We have commenced the formal adjudication process.

We note that under New Zealand law employees are afforded a priority over other unsecured creditors in respect of the first $18,700 owed to them in respect of outstanding wages and holiday pay, with no priority attaching to claims for pay in lieu of notice. The receivers are responsible for dealing with the priority aspect of employee claims.

*Intercompany debts*

As reported previously, at the date of our appointment there were significant debts owed between various entities of the Cedenco group of companies. Our investigations indicate that Cedenco Foods and Cedenco Ohakune are between them owed approximately $11.0 million by related Australian entities, being $3.8 million from SK Foods Australia and $7.2 million from Cedenco JV Australia. Conversely, we understand that there is about $9.2 million which is owed by the New Zealand companies to Cedenco Australia, an unincorporated joint venture between SK Foods Australia and Cedenco JV Australia.

We note that the final figures for the intercompany debts can only be determined once we have received and reviewed current financial statements. In this regard we note that financial statements are currently being prepared but are not yet available.

**Current position of the Australian companies**

As creditors would be aware we are currently the liquidators of the related Australian Cedenco companies. The receivers of the Australian companies are Mark Korda and Craig Shepard of KordaMentha Australia ("the Australian receivers").

In light of the importance of the timing and quantum of flows of funds from the Australian companies to the New Zealand companies the following information is supplied to creditors to apprise them of the current position in respect of the liquidation of the Australian companies and the likely timing of any flow of funds.

On 23 July 2010, a public announcement was made that Kagome Co Ltd (a Japanese company) ("Kagome") had acquired the assets and operations of Cedenco JV Australia, SK Foods Australia and SS Farms Australia for a combined price of A$91m, with settlement to take place on 30 July 2010. The amount of the sale price allocated (by Kagome) to Cedenco JV Australia and SK Foods Australia was A$72.8m and the amount allocated to SS Farms Australia was A$18.2m.

After much negotiation and several meetings, the receivers have remitted a total of A$41 million to us in relation to Cedenco Australia and A$3 million in relation to SS Farms Australia. The receivers are also remitting to us all of the interest earned on the remaining funds in their possession. The receivers have retained a total of A$30 million in relation to what they advise is an estimated Capital Gains Tax liability of A$15 million.

Now that there are substantial funds in the Australian liquidations we have declared a dividend in the Cedenco JV Australia and SK Foods Australia administrations, which will enable payment of the intercompany debt owing by the Australian companies to Cedenco Foods, in turn allowing Cedenco Foods to pay a dividend to its creditors. We anticipate that these dividends will be paid in Australia on 22 December 2010. The position in relation to Cedenco Ohakune is less clear and is likely to be dependent on what surplus funds, if any, are ultimately remitted by the receivers. As stated above, we contemplate that Cedenco Foods will be able to pay a dividend in the first quarter of 2011.

## POTENTIAL LEGAL CLAIMS

In relation to potential recovery actions, it is not yet apparent, and won't be until after the receivers retire, whether (and the extent to which) the companies were insolvent in the period immediately leading up to the appointment of receivers. Accordingly, it is unclear whether potential recovery actions, under sections 297 to 301 of the Act, are available to us, as we have not yet determined when, if at all, the companies were unable to pay their debts, as defined in section 287 of the Act.

## KNOWLEDGE OF INFORMATION RELEVANT TO THE LIQUIDATION

Should creditors or other parties possess any information that may be relevant to the liquidation of either company or may lead to realisations for the benefit of creditors, please advise us in writing and provide copies of all supporting documentation.

## CREDITORS' MEETING

At this time we do not consider that it is appropriate to hold a meeting of creditors or for a Liquidation Committee to be appointed.

## RECEIPTS AND PAYMENTS

There have been no receipts or payments in the liquidation of either company since the date of our appointment. All costs incurred to date have been met by us personally, and will only be recovered by us in the event that funds are received by the companies. We have not received any indemnity in relation to our fees or costs.

## PROFESSIONAL FEES

Attached to this report is a summary schedule of all tasks undertaken in these administrations together with a detailed remuneration report. A detailed schedule of all tasks undertaken is available to any creditor upon request.

At the meeting of creditors on 13 August 2010 creditors approved liquidators' fees and disbursements for the period from 6 May 2010 to 9 July 2010 in the amounts of A$72,404.51 plus GST and A$7,974.87 plus GST respectively and for the period from 10 July 2010 to 6 August 2010 in the amount of A$41,930.03 and A$6,366.77 plus GST respectively.

Our fees and disbursements for the period from 7 August 2010 to 31 October 2010 amount to A$136,705.83 plus GST and A$16,729.27 plus GST respectively.

We have not yet received any of our fees and disbursements for the period since our appointment as liquidators of the companies.

**ESTIMATED DATE OF COMPLETION OF THE LIQUIDATIONS**

It is not practicable to estimate the date of completion of the liquidations at this stage, as the liquidations cannot be completed until the receivers have discharged their duties and retired, and the liquidators have conducted all appropriate investigations and distributed any available funds in accordance with the provisions of the Act.

Please contact John Sheahan or me if you have any queries in relation to this matter.

Yours faithfully,
EX CED FOODS
COMPANY NUMBER 499671
CEDENCO OHAKUNE
COMPANY NUMBER 665068
(BOTH IN RECEIVERSHIP AND IN LIQUIDATION)

IAN LOCK
Joint Liquidator

Documents enclosed

**EX CED FOODS (COMPANY NUMBER 499671)**
**CEDENCO OHAKUNE (COMPANY NUMBER 665068)**
**(BOTH IN RECEIVERSHIP AND IN LIQUIDATION)**

SUMMARY OF FEES AND DISBURSEMENTS
FROM 7 AUGUST 2010 to 31 OCTOBER 2010

|  | Hours | Charge | $ |
|---|---|---|---|
| Mr John Sheahan | 55.60 | 38,896.70 | |
| Mr Ian Lock | 54.16 | 37,905.01 | |
| Mr Greg Jones | 35.11 | 17,704.10 | |
| Mr Michael Nelson | 20.60 | 9,277.50 | |
| Mr Oliver Sheahan | 67.99 | 16,244.18 | |
| Ms Elise Traeder | 1.42 | 212.50 | |
| Mr Alfred Warnecke | 59.03 | 14,754.18 | |
| | 293.91 | | 134,994.17 |

Facsimile
Photocopying
Postage
Printing
Scanning
Telephone
Travelling

|  |  |  | 16,729.27 |
|---|---|---|---|
| Time write up | | | 1,711.66 |
| Matter Total | | | 153,435.10 |

# UNSECURED CREDITOR'S CLAIM FORM

### Section 304(1) Companies Act 1993

| NAME AND POSTAL ADDRESS OF CREDITOR IN FULL | Any personal information collected is for the purpose of administering the liquidation in accordance with the *Companies Act 1993*. The information will be used and retained by **Sheahan Lock Partners** and will be released to other parties only with your authorisation or in compliance with the *Privacy Act 1993*. |
|---|---|
| | Under Section 304(1) of the *Companies Act 1993* any claim by an unsecured creditor against a company in liquidation must be in this prescribed form and must - <br> (a) Contain full particulars of the claim; and <br> (b) Identify any documents that evidence or substantiate the claim. <br> You may have access to and request correction of any personal information. |
| E-mail Address <br><br> Telephone Number: (  ) <br><br> My Reference is: <br> (if applicable) | |

NAME OF COMPANY IN LIQUIDATION
## CEDENCO FOODS (IN RECEIVERSHIP AND IN LIQUIDATION)

I, *(Name)*...........................................................................................................................................................
*(If claim is made on behalf of creditor, specify relationship to creditor and authority)*
claim that the company was at the date it was put into liquidation indebted to the abovenamed creditor for the sum of *(Amount in words and figures)*:

.........................................................................................................................................................................

........................................................................................................ $..............................................

---

**STATUS OF CLAIM:**    TICK

1.  I am an unsecured creditor

2.  I am surrendering the security I hold and I am claiming as an unsecured creditor

3.  I am making a preferential claim

Full particulars of the claim are set out, and any supporting documents that substantiate the claim, are identified on the reverse of this form.
(The liquidators may require the production of a document under Section 304(1) (b) of the *Companies Act 1993*.  You are **not** required to attach **any supporting documents at this stage, but you may attach them now if you think it would expedite the processing of the claim.**)

SIGNED:                                        DATE:

I have / have not (delete one) also lodged a secured creditor's claim pursuant to the Personal Property Securities Register or other register

| **WARNING** | It is an offence under Section 304(6) of the *Companies Act 1993* to - <br> Make or authorise the making of, a claim that is false or misleading in a material particular knowing it to be false or misleading; or <br> Omit, or authorise the omission from a claim of any matter knowing that the omission makes the claim false or misleading in a material particular |
|---|---|

| Received <br> (Date Stamp) | RESERVED FOR OFFICE USE: <br> Claim admitted / rejected for voting purposes: <br> (Delete one) | Signed: | Date |
|---|---|---|---|
| | CLAIM REJECTED FOR PAYMENT: | Signed | Date |
| | or <br> CLAIM ADMITTED FOR PAYMENT | | |

| Preferential Claim for: <br> $ | Ordinary Claim for <br> $ | Deferred Claim for <br> $ |
|---|---|---|

| Signed <br> Joint Liquidator: | Dated |
|---|---|

Note:  If the decision to admit or reject a claim is amended, regulation 8 of the *Companies Act 1993* Liquidation Regulations 1994 requires that it be recorded in writing.

Return To:  Sheahan Lock Partners
GPO Box 1173
ADELAIDE  SA  5001
Fax  + 61 2 9252 0854

## PARTICULARS OF CLAIM

| Date | Details of Claim and Identification of Documents that Evidence or Substantiate the Claim | Amount $ |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Date | If applicable, less debts owed by the creditor to the company (Describe debts) | Amount $ |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

If applicable please record here your GST Registration number: ...........................................................

Return To:  Sheahan Lock Partners
GPO Box 1173
ADELAIDE  SA  5001
Fax  + 61 2 9252 0854

# UNSECURED CREDITOR'S CLAIM FORM

### Section 304(1) Companies Act 1993

| NAME AND POSTAL ADDRESS OF CREDITOR IN FULL | Any personal information collected is for the purpose of administering the liquidation in accordance with the *Companies Act 1993*. The information will be used and retained by **Sheahan Lock Partners** and will be released to other parties only with your authorisation or in compliance with the *Privacy Act 1993*. |
|---|---|
| | Under Section 304(1) of the *Companies Act 1993* any claim by an unsecured creditor against a company in liquidation must be in this prescribed form and must - <br> (a) Contain full particulars of the claim; and <br> (b) Identify any documents that evidence or substantiate the claim. <br> You may have access to and request correction of any personal information. |
| E-mail Address <br><br> Telephone Number: (  ) <br><br> My Reference is: <br> (if applicable) | |

**NAME OF COMPANY IN LIQUIDATION**
**CEDENCO OHAKUNE (IN RECEIVERSHIP AND IN LIQUIDATION)**

I, *(Name)*............................................................................................................................
*(If claim is made on behalf of creditor, specify relationship to creditor and authority)*
claim that the company was at the date it was put into liquidation indebted to the abovenamed creditor for the sum of *(Amount in words and figures)*:

.........................................................................................................................................

.................................................................................... $................................

---

**STATUS OF CLAIM:**                                                                    TICK

1. I am an unsecured creditor
2. I am surrendering the security I hold and I am claiming as an unsecured creditor
3. I am making a preferential claim

Full particulars of the claim are set out, and any supporting documents that substantiate the claim, are identified on the reverse of this form.
(The liquidators may require the production of a document under Section 304(1) (b) of the *Companies Act 1993*. **You are not required to attach any supporting documents at this stage, but you may attach them now if you think it would expedite the processing of the claim.**)

SIGNED:                                                                          DATE:

I have / have not (delete one) also lodged a secured creditor's claim pursuant to the Personal Property Securities Register or other register

---

| **WARNING** | It is an offence under Section 304(6) of the *Companies Act 1993* to -<br> Make or authorise the making of, a claim that is false or misleading in a material particular knowing it to be false or misleading; or <br> Omit, or authorise the omission from a claim of any matter knowing that the omission makes the claim false or misleading in a material particular |
|---|---|

| Received <br> (Date Stamp) | RESERVED FOR OFFICE USE: <br> Claim admitted / rejected for voting purposes: (Delete one) | Signed: | Date |
|---|---|---|---|
| | CLAIM REJECTED FOR PAYMENT: | Signed: | Date |
| | or <br> CLAIM ADMITTED FOR PAYMENT | | |
| | Preferential Claim for: $ | Ordinary Claim for $ | Deferred Claim for $ |
| | Signed <br> Joint Liquidator: | | Dated |
| | Note: If the decision to admit or reject a claim is amended, regulation 8 of the *Companies Act 1993* Liquidation Regulations 1994 requires that it be recorded in writing. | | |

Return To:  Sheahan Lock Partners
GPO Box 1173
ADELAIDE SA 5001
Fax + 61 2 9252 0854

# PARTICULARS OF CLAIM

| Date | Details of Claim and Identification of Documents that Evidence or Substantiate the Claim | Amount $ |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| Date | If applicable, less debts owed by the creditor to the company (Describe debts) | Amount $ |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

If applicable please record here your GST Registration number: ...................................................

Return To: Sheahan Lock Partners
GPO Box 1173
ADELAIDE SA 5001
Fax + 61 2 9252 0854

26 November 2010

## REMUNERATION REPORT

### EX CED FOODS (COMPANY NUMBER 499671)
### CEDENCO OHAKUNE (COMPANY NUMBER 665068)
### (BOTH IN RECEIVERSHIP AND IN LIQUIDATION)

In compliance with the Insolvency Practitioners Association of Australia Code of Professional Practice, we set out below our remuneration report for the period 7 August 2010 to 31 October 2010.

This report is set out as follows:

1. **DESCRIPTION OF WORK**
2. **CALCULATION OF REMUNERATION**
3. **GENERAL SUPPORTING INFORMATION**

Please refer to the attached report to creditors for a report on the progress of the liquidation.

### 1. DESCRIPTION OF WORK

The tasks which external administrators undertake can be broadly divided into seven (7) categories. These are:

- Assets
- Creditors
- Employees
- Trade On
- Investigation
- Dividend
- Administration

Information on the seven categories is summarised below to enable creditors to understand the type and purpose of work being undertaken.

| Practitioner | John Sheahan and Ian Lock |
|---|---|
| Firm | Sheahan Lock Partners |
| Administration Type | Liquidation |
| Period | 7 August 2010 to 31 October 2010 |

NB. All figures are in Australian dollars.

| Task Area | General Description | Includes |
|---|---|---|
| **Assets**<br>**[0 hours]** | Realisation of assets | |
| **Creditors**<br>**[59.35]**<br>**[A$35,007.50]** | Creditor Enquiries | Receive and follow up creditor enquiries via telephone<br>Maintaining creditor enquiry register<br>Review and prepare correspondence to creditors and their representatives via facsimile, email and post<br>Correspondence with creditors |
| | Secured creditor | Communicating with the secured creditor<br>Communicating with the receivers<br>Meeting with the receivers |
| | Creditor reports | Preparing preliminary reports to creditors<br>Meeting with principal creditors<br>Communicating with directors and management |
| | Dealing with proofs of debt | Receipting and filing POD's when not related to a dividend |
| | Shareholder enquires | Responding to any shareholder enquiries |
| **Employees**<br>**[0 hours]** | | |
| **Trade On**<br>**[0 hours]** | | |
| **Investigations**<br>**[94.45]**<br>**[A$56,286.68]** | Review records | Search public records<br>Review company records<br>Review legal proceedings relating to the company<br>Review material provided by receivers, companies and solicitors |
| | Litigation | Internal meetings to discuss status of investigations<br>Meeting with solicitors |
| | Statutory reporting | Preparing statutory reports<br>Liaising with Companies Office |
| | Overseas and interstate meetings | Travel and meetings with overseas trustee<br>Travel and meetings with overseas director<br>Travel and meetings with receivers and senior management<br>Related communications |
| | Correspondence | Correspondence with receivers and creditors, including overseas creditors, review related material |
| | Status meetings | Partner reviews relating to investigations and further enquiries |
| | Processing proofs of debt | Preparation of correspondence to potential creditors inviting lodgement of claims |

| Task Area | General Description | Includes |
|---|---|---|
| | | Receipt of claims<br>Maintain claims register<br>Adjudicating claims<br>Request further information from claimants regarding claims<br>Preparation of correspondence to claimants |
| **Dividend**<br>**[0 hours]** | | |
| **Administration**<br>**[140.11]**<br>**[A$43,699.99]** | Document maintenance/file review/checklist | Administration review<br>Filing of documents<br>File reviews<br>Updating checklists |
| | Insurance | Identification of potential issues requiring attention of insurance specialists<br>Correspondence with Willis regarding initial and ongoing insurance requirements |
| | Statutory reporting | Preparing and lodging Companies Office forms<br>Correspondence with Companies Office regarding statutory forms |
| | Inland Revenue & other statutory reporting | Notification of appointment<br>Complying with GST requirements |
| | Planning / Review | Discussions regarding status of administration<br>Internal staff attendances<br>Status meetings and reviews |
| | Books and records / storage | Dealing with records in storage<br>Sending job files to storage<br>Corresponding with receivers re books and records |
| **Total**<br>**293.91 hours**<br>**A$134,994.17** | | |

| Employee | Position | $/hour (ex GST) | Total actual hours | Total ($) | Assets hrs / $ | Creditors hrs / $ | Employees hrs / $ | Trade on hrs / $ | Investigation hrs / $ | Dividend hrs / $ | Administration hrs / $ |
|---|---|---|---|---|---|---|---|---|---|---|---|
| John Sheahan | Joint and Several Liquidator | 700 | 55.6 | 38,896.70 | - | 17.98 / 12,588.33 | - | - | 26.96 / 18,853.36 | - | 10.66 / 7,455.01 |
| Ian Lock | Joint and Several Liquidator | 700 | 54.16 | 37,905.01 | - | 17.68 / 12,366.68 | - | - | 32.57 / 22,796.67 | - | 3.91 / 2,741.66 |
| Greg Jones | Senior Manager | 550 | 35.11 | 17,704.10 | - | 8.83 / 4,587.49 | - | - | 19.67 / 9,816.63 | - | 6.61 / 3,299.98 |
| Michael Nelson | Manager | 450 | 20.6 | 9,277.50 | - | 10.36 / 4,665.00 | - | - | 5.60 / 2,520.00 | - | 4.64 / 2,092.50 |
| Oliver Sheahan | Associate | 250 | 67.99 | 16,244.18 | - | 4.50 / 800.00 | - | - | 7.31 / 1,716.68 | - | 56.18 / 13,727.50 |
| Alfred Warnecke | Associate | 250 | 59.03 | 14,754.18 | - | - | - | - | 2.34 / 583.34 | - | 56.69 / 14,170.84 |
| Elise Traeder | Administration | 150 | 1.42 | 212.50 | - | - | - | - | - | - | 1.42 / 212.50 |
| TOTAL | | | | $134,994.17 | - | 59.35 / 35,007.50 | - | - | 94.45 / 56,286.68 | - | 140.11 / 43,699.99 |
| GST | | | | 13,499.42 | | | | | | | |
| TOTAL (including GST) | | | | 148,493.59 | | | | | | | |
| Average hourly rate | | | | $459.30 | - | $589.85 | - | - | $595.94 | - | $311.90 |

Case: 11-30703   Doc# 3   Filed: 02/25/11   Entered: 02/25/11 07:47:27   Page 25 of 26

**Disbursements**

Disbursements are divided into three types:

> Certain disbursements are all externally provided professional services and are recovered at cost. An example of this type of disbursement is legal fees.

> Other disbursements are externally provided non-professional costs such as travel, accommodation and search fees. These disbursements are recovered at cost.

> The remaining type of disbursements is internally provided non-professional costs such as photocopying and document storage. These disbursements are charged at cost except for photocopying, printing and telephone calls which are charged at a rate which is intended to recoup both variable and fixed costs.

Creditor approval for the payment of disbursements is not required, however we must account to creditors. Creditors have the right to question the incurring of the disbursements and can challenge disbursements in court.

**Queries/Information Sheets**

The above information is provided to assist creditors consider the appropriateness of the remuneration claim that is being made.

Creditors should feel free to contact the liquidators' office to seek further information concerning the remuneration claim if they so need.